UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDI GLOBAL INSURANCE COMPANY,<br>　　　　　Plaintiff,<br>　　v.<br>ELIZABETH COURT LP,<br>　　　　　Defendant. | Case No. 16-cv-00210-VC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 24 |

　　　　The plaintiff in this case, HDI Global, insured the owner of a rental apartment building against certain risks, including damage and loss of business income. The owner died, and his estate agreed to sell the property to Elizabeth Court LP. While the property was in escrow, a fire seriously damaged the building, rendering it temporarily unfit for use as a rental apartment building. The owner's estate filed an insurance claim for damage and loss of rental income. The estate and Elizabeth Court LP decided to proceed with the sale, and the estate assigned its HDI Global insurance claim arising out of fire to Elizabeth Court LP. HDI Global signed an agreement acknowledging the assignment of the estate's claim proceeds. Despite that acknowledgement, HDI Global now bravely contends it has no duty to pay for loss of business income (that is, loss of rents) that occurred after the sale of the property.

　　　　As HDI Global casts it, once the estate sold the property to Elizabeth Court LP, the estate lost its interest in the property (and therefore its interest in future rent), so there was no longer a claim for loss of business income for Elizabeth Court LP to collect on. In support of this argument, HDI Global primarily relies on language from the policy: "We will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during

the 'period of restoration.'"  Emphasizing the phrase "actual loss," HDI Global urges the Court to interpret this provision to mean there is no claim for loss of income until the moment the income fails to come in as planned.  In other words, HDI Global contends that any loss-of-income claim has been extinguished, because the estate, having sold the property, has not itself lost rental income since the sale.

There are two related responses to HDI Global's argument.  First, HDI Global's proposed interpretation is not the most reasonable one.  Nothing in the policy language cited by HDI Global indicates that, in every instance, "actual loss" cannot technically occur until the moment income comes due.  It was obvious, once the fire damaged the property, that the estate was not going to be able to collect rental income until the property was repaired.  Everyone knew the amount of the rental income.  And everyone new that the income loss exceeded the policy's business income coverage.  Accordingly, the more reasonable interpretation of the policy, to the extent it is ambiguous, is that the estate experienced an "actual loss" of rental income once the property was damaged.  *See, e.g.*, *Ventura Kester, LLC v. Folksamerica Reinsurance Co.*, 161 Cal. Rptr. 3d 875, 880–81 (Ct. App. 2013) ("If an asserted ambiguity is not eliminated by the language and context of the policy, courts then invoke the principle that ambiguities are generally construed against the party who caused the uncertainty to exist (i.e., the insurer) in order to protect the insured's reasonable expectation of coverage."  *Id.* at 880); *cf. SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 375 F. Supp. 2d 238, 248–50 (S.D.N.Y. 2005).

More importantly, to the extent there is ambiguity about the meaning of the policy's terms, and even if, in a vacuum, that ambiguity might theoretically be resolved in the way HDI Global suggests (namely, as precluding the purchaser of the property from collecting lost rental income that had been claimed under the policy), this proposed interpretation is foreclosed by the context of this case.  After the fire, the estate filed a claim.  As the documentary evidence shows, this claim was for both damage loss and income loss.  *See* Decl. of John R. Campo, Ex. 1, Dkt. No. 25-1, at 1; *see also id.* at 4.  The estate then assigned this claim to Elizabeth Court LP.  And HDI Global approved the assignment of this claim.  In the approval document, HDI Global

attested that it was aware the estate had "assigned to Elizabeth Court LP the right to receive such payments that may be made by HDI-Gerling related to the claim," and it defined "claim" as the claim the estate had already made (that is, the claim the estate had made for damage loss and for income loss).  In other words HDI Global acknowledged that Elizabeth Court LP was entitled to the claim proceeds for everything that the estate had already claimed, and this included loss of rental income.  If there was an issue with the ability of the estate to assign a portion of the claim, HDI Global should not have signed a blanket approval of the transfer of the entire claim from the estate to Elizabeth Court LP.  Under these circumstances, no reasonable person could interpret the insurance policy, the assignment from the estate to Elizabeth Court, and the approval of the assignment by HDI Global as precluding Elizabeth Court LP from receiving compensation for the rental income that the property would no longer earn as a result of the fire.  *Cf. Reynold's v. Allstate Ins. Co*, 855 F. Supp. 2d 989, 999–1000 (N.D. Cal. 2012).

      HDI Global's motion for summary judgment is denied.  Judgment will be entered in favor of Elizabeth Court LP on HDI Global's claims once the remainder of the lawsuit has been terminated.

      **IT IS SO ORDERED.**

Dated: August 19, 2016

_____
VINCE CHHABRIA
United States District Judge